IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARONTA T. LEWIS,

      Plaintiff,                        No. CIV S-11-1763 GGH P

      vs.

HDSP CORRECTIONAL OFFICER
HOAGLAND, et al.,

      Defendants.                ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. See docket # 4.[2]

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

---

[1] The complaint was originally filed without an in forma pauperis application or the filing fee. However, an appropriately supported in forma pauperis application was filed on July 22, 2011, pursuant to the Order, filed July 13, 2011.

[2] The consent form is dated by plaintiff as having been signed on July 10, 2011, and was filed in the court's docket on July 20, 2011.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff lists the following as defendants: High Desert State Prison (HDSP) Correctional Officer (C/O) Hoagland, Captain D. Davey, Warden T. Felker, HDSP Chief [Medical Officer] (CMO) D. Swingle.[3] Complaint, pp. 1-2.[4] Although he names the above as defendants, he does not do so within his allegations,[5] wherein he appears to be claiming that he was subjected to excessive force in an incident which occurred on April 18, 2008, during which he, among a group of other inmates, was evidently compelled to lie down and be "zip-cuff[e]d," which left bloody lacerations and bruising and swelling on his wrists after he was dragged, by a person or persons unnamed, across the yard with his buttocks exposed (his pants having fallen

---

[3] The court is unable to direct service upon defendants who are unnamed individuals, therefore, an unidentified assistant warden, unidentified medical assistants, and the mental health department will not be construed as properly named defendants.

[4] Plaintiff makes references to this filing as an "appeal," and may have intended it as a motion for relief from judgment in the prior case which is referenced in footnote 8 below (see Compl., pp. 1, 27-31), but the lack of clarity precludes it from being so construed.

[5] There is one exception, strictly speaking, in that plaintiff does allege at pp. 4 & 32, of his complaint that defendant Hoagland, on April 18, 2008, "retaliated on me for Lt. Rath." But plaintiff fails to link the complained-of conduct on that day to this defendant. That is, the conclusory statement alleging retaliation by this defendant against plaintiff does not set forth plainly what actions for which he was responsible with respect to the incident at issue.

1  down). Cmpl., p. 3.[6] Plaintiff was placed in a cage after which unidentified "officers refused to
2  cut off the flex-cuffs" and unnamed medical personnel refused to order the cuffs off. Id.
3  Plaintiff alleges that he did not receive medical attention for weeks, "resulting in undocumented
4  nerve entrapment carpal tunnel syndrome." Id. Plaintiff ascribes subsequent mental breakdowns
5  and suicide attempts evidently due to the extended lack of medical treatment, although that is not
6  entirely clear. Id., at 4, 32.[7] Plaintiff seeks money damages, with an emphasis on punitive
7  damages, as well as injunctive relief. Id., at 3-4, 32. Plaintiff fails to clearly identify
8  compensatory damages he seeks, characterizing his damages claim solely as punitive damages.

9  It is remarkable, given that even though plaintiff apparently attempted to
10 frame the allegations that he intends to comprise this complaint in an action initiated in 2008, he
11 has yet to set forth his claims with coherence and in compliance with Fed. R. Civ. P. 8,[8]
12 inasmuch as he does not link the allegations to specifically named defendants. Rule 8 requires
13 "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever
14 v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52
15 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to
16 satisfy the notice requirement of Rule 8.)

17 Even if the factual elements of the cause of action are present, but are scattered
18 throughout the complaint and are not organized into a "short and plain statement of the claim,"
19 dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178
20 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and

---

[6] The court's electronic pagination is referenced.

[7] Page 32 of the Complaint appears to be a duplicate of page 4.

[8] The court takes judicial notice of Case No. CIV-S-08 1764 WBS KJM P, which was dismissed without prejudice for plaintiff's failure to file a second amended complaint and judgment thereon entered. See case docket for CIV-S-08 1764 WBS KJM P. A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

*on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.  This complaint will be dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  *Also, the complaint must allege in specific terms how each named defendant is involved.*  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the

1  California Department of Corrections and Rehabilitation filed concurrently herewith.

2       3. The complaint is dismissed for the reasons discussed above, with leave to file
an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in dismissal of this action.

DATED: September 16, 2011

                                      /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE

GGH:009
lewi1763.bnf